**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

RALPH STEVEN COPPOLA,

Plaintiff,

v.

GARFIELD LEGAL, P.C., *et. al.*,

Defendant.

Case No. 3:26-CV-00348-MMD-CLB

**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**[1]

Before the Court is Plaintiff Ralph Stephen Coppola's ("Coppola") applications to proceed *in forma pauperis* (ECF Nos. 1, 5), and *pro se* complaint (ECF No. 1-1). For the reasons stated below, the Court recommends that the *in forma pauperis* applications, (ECF Nos. 1, 5), be granted, and the complaint, (ECF No. 1-1), be dismissed, without prejudice.

## I. *IN FORMA PAUPERIS* APPLICATION

A person may be granted permission to proceed *in forma pauperis* ("IFP") if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefore. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

Pursuant to LSR 1-1: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the

[1] This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

applicant's income, assets, expenses, and liabilities."

"[T]he supporting affidavit [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

A review of the applications to proceed IFP reveals Coppola is unable to pay the filing fee. Accordingly, the Court recommends that the applications, (ECF Nos. 1, 5), be granted.

## II. SCREENING STANDARD

Prior to ordering service on any Defendant, the Court is required to screen an *in forma pauperis* complaint to determine whether dismissal is appropriate under certain circumstances. *See Lopez*, 203 F.3d at 1126 (noting the *in forma pauperis* statute at 28 U.S.C. § 1915(e)(2) requires a district court to dismiss an *in forma pauperis* complaint for the enumerated reasons). Such screening is required before a litigation proceeding *in forma pauperis* may proceed to serve a pleading. *Glick v. Edwards*, 803 F.3d 505, 507 (9th Cir. 2015).

"[T]he court shall dismiss the case at any time if the court determines that – (A) the allegations of poverty is untrue; or (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language. When reviewing the adequacy of a complaint under this statute, the court applies the same standard as is applied under Rule 12(b)(6). *See, e.g.*, *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted

under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The Court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in *pro se* complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotations marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of actions," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more. . . than. . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

## III. SCREENING OF COMPLAINT

In the complaint, Coppola sues Defendants Garfield Legal, P.C., Howard M. Garfield, Mike Johnson, Kathie "Kat" Paniagua, Doe Defendants and Roe Entities. (ECF No. 1-1). In his complaint, Coppola alleges that Defendants recruited him to join the law firm of Garfield Legal, P.C, which is a California professional corporation, through misleading statements about the firm's leadership, governance, and operations via email

exchanges and in-person interviews and interactions that took place in California. (*Id*. at 1-6) Specifically, he alleges that:

- Garfield Legal, P.C. portrayed itself as an attorney-led law firm under the active leadership of Howard Garfield.
- In reality, Coppola claims that Defendant Howard Garfield was largely inactive due to cognitive impairment and that Defendant Mike Johnson exercised actual operational and financial control over the firm despite not being an attorney.
- Coppola further alleges these facts were concealed during the recruitment process and through the firm's website and public-facing materials.
- Coppola alleges that he relied on those representations in interviewing with and pursuing employment or an association with Garfield Legal.

(*Id*.) Based on these allegations, Coppola brings the following claims for relief: (1) fraudulent and intentional misrepresentation; (2) negligent misrepresentation; (3) deceptive trade practices, false advertising and misleading business conduct; (4) civil RICO; (5) RICO conspiracy; (6) civil conspiracy; (7) declaratory relief; and (8) injunctive relief. (*Id*. at 6-8.) Coppola seeks injunctive and monetary relief. (*Id.* at 9.)

A civil action must be brought in (1) a judicial district in which any defendant resides, if all defendants reside in the same state where the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b).

Here, based on the allegations in the complaint, it appears that all the named defendants reside in California. There is no allegation that any defendant resides in Nevada or in any other jurisdiction. For example, Garfield Legal, P.C. is a California professional corporation, and all of its offices are located in California. (ECF No. 1-1 at 1, 4.) All of the other named defendants appear to be employees of Garfield who also

appear to reside in California. (ECF No. 1-1 at 1.)

Moreover, although the complaint alleges that he received emails from Defendants in Nevada and could access the firm's website in Nevada, all in-person interactions, including job interviews, and the vast majority of the events related to this case took place in California. In sum, aside from these emails and access to the Garfield Legal, P.C. website, the vast majority of the factual allegations and interactions between the parties giving raise to the claims in this case took place in California. It appears that the only real tie to Nevada and this lawsuit is the fact that Coppola may live in Reno, Nevada. (*See* ECF No. 1-1 at 2.) Thus, Coppola has not alleged that any defendant resides in the District of Nevada or that a substantial part of the events giving rise to the action transpired here and Coppola has not otherwise alleged any connection to this District. 28 U.S.C. § 1391(b). Therefore, it appears venue is improper in Nevada.

Accordingly, the Court recommends that the action be dismissed, without prejudice, only to the extent Coppola may file a complaint stating plausible claims for relief in the correct court.

## IV. CONCLUSION

Consistent with the above, the Court finds that dismissal is warranted based on a lack of personal jurisdiction and improper venue.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

///

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Coppola's applications to proceed *in forma pauperis*, (ECF Nos. 1, 5), be **GRANTED**;

**IT IS FURTHER RECOMMENDED** that the Clerk **FILE** the complaint, (ECF No. 1-1);

**IT IS FURTHER RECOMMENDED** that the complaint, (ECF No. 1-1), be **DISMISSED, WITHOUT PREJUDICE,** to the extent Coppola can assert plausible claims for relief in the correct court; and,

**IT IS FURTHER RECOMMENDED** that this action be **CLOSED** and that judgment be entered accordingly.

**DATED**: July 20, 2026.

**UNITED STATES MAGISTRATE JUDGE**